UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN C. BREITENBACH, Jr., Individually and as Executor
of the ESTATE OF DEBORAH J. BREITENBACH,

                    Plaintiff,                    AMENDED COMPLAINT

     against                                    Case No. 1:16-CV-11
                                                      (GLS/CFH)

TONI M. STURM, M.D., HUDSON HEADWATERS        Jury trial demanded
HEALTH NETWORK, and THE UNITED STATES OF       as may be permitted
AMERICA,

                    Defendants.

       The plaintiff, John C. Breitenbach, Jr., Individually and as Executor of the Estate of Deborah J. Breitenbach, by his attorneys, Brennan & White, LLP, complaining of the defendants, Toni M. Sturm, M.D., Hudson Headwaters Health Network and The United States of America, alleges:

## PARTIES

       1.     The plaintiff, John C. Breitenbach, Jr., was and still is a resident of the County of Warren and State of New York, residing at 20 Delaware Avenue, Silver Bay, New York, and on or about May 27, 2014, Letters Testamentary were duly issued to the plaintiff, John C. Breitenbach, Jr., the surviving husband of Deborah J. Breitenbach, by the Surrogate's Court of the County of Warren, State of New York, and the plaintiff thereafter duly qualified and acted and is still acting as Executor of the Estate of Deborah J. Breitenbach.

       2.     On April 22, 2014, Deborah J. Breitenbach, the decedent above-named, died testate in Burlington, Vermont, and at the time of her death, Deborah J. Breitenbach was a domiciliary and resident of the County of Warren and State of New York.

       3.     Upon information and belief, at all times hereinafter mentioned, the defendant, Toni M. Sturm, M.D., was and still is a resident of the County of Warren, State of New York, and was and still is

duly licensed to practice medicine in the State of New York and maintains an office for the practice of medicine in the Town of Queensbury, State of New York, at 9 Carey Road, Queensbury, New York, 12804.

4. Upon information and belief, at all times hereinafter mentioned, the defendant, Hudson Headwaters Health Network, was and still is a professional corporation and/or a domestic, not-for-profit corporation, duly licensed and authorized by the State of New York and operating as a provider of medical care and treatment in the County of Warren, State of New York, and more particularly, at 9 Carey Road, Queensbury, New York, 12804.

5. Upon information and belief, and all times herein after mentioned, the defendant, Hudson Headwaters Health Network, is a federally funded and supported health center, and grantee of the United States Department of Health and Human Services, and did and still does render medical services and medical treatment and otherwise maintains an office and place of business 9 Carey Road, Queensbury, New York, 12804.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, Hudson Headwaters Health Network, was and still is duly licensed to practice medicine in the State of New York.

7. At all times hereinafter mentioned, the defendant, Toni M. Sturm, M.D., was an employee of the defendant, Hudson Headwaters Health Network and was at all times acting within the scope of her employment.

8. Upon information and belief, at all times hereinafter mentioned, the named parties, Tony M. Strum, M.D. and the Hudson Headwaters Health Network, were and still are acting as agents, officers, members and employees of The United States of America or a federal agency thereof (hereinafter referred to generally as the defendant, "The United States of America") and as promulgated under the Federal Tort Claims Act, said parties are grantees of the United States Department of Health and Human Services.

JURISDICTION & VENUE

9. This Court has jurisdiction over this action under and pursuant to 28 U.S.C. §1346(b), (2401)(b), (2671-2680), and the Federal Tort Claims Act in general, in that the allegations allege personal injuries incurred as a result of medical services rendered to the decedent while the decedent was a patient, in part, of a federally funded and supported health center and all prerequisite administrative remedies had been exhausted. In particular, on January 6, 2015, and is amplified on or about February 26, 2015, a proper administrative claim was filed with the Department of Health and Human Services. Receipt of the claim was acknowledged and more than six months have passed since the filing of the claim. Plaintiff deems the expiration of six months as a final disposition or determination, all is permitted by law.

10. Upon information and believe, at all times hereinafter mentioned, the defendant, United States of America, as well as the remaining named defendants are, pursuant to 28 U.S.C. §2679, proper defendants and parties to this action and liability is founded upon 28 U.S.C. §2674.

11. At all times hereinafter mentioned, the plaintiff has complied with and satisfied all administrative prerequisites contained in 28 U.S.C. §2675 and said claim has not been acted upon by the Department of Health and Human Services and more than six months have passed since the filing of said claim and plaintiff's claim is, therefore, deemed denied.

12. Venue is proper in this District because all of the events and omissions giving rise to plaintiff's claims occurred in this District.

FACTS

13. At all times hereinafter relevant, the defendant, Toni M. Sturm, M.D., represented, expressly and/or impliedly, that the care, treatment, management, evaluation, testing, inspection, observation, diagnoses, analysis, monitoring and prescription of and for the decedent, Deborah J. Breitenbach, was within the scope of her practice and within the scope of her knowledge, competence and ability.

14. Upon information and belief, at all times hereinafter mentioned, the defendant, Toni M. Sturm, M.D., held herself out to be a doctor of medicine, qualified in the care and treatment of patients, qualified to treat, manage, care for patients and the defendant, Toni M. Sturm, M.D., represented herself to possess the usual, customary and ordinary skills and knowledge requisite of a practicing physician.

15.     Upon information and belief, at all times hereinafter mentioned, on or about April 21, 2014, the decedent, Deborah J. Breitenbach, consulted with the defendant, Toni M. Sturm, M.D., at the Moses-Ludington Hospital, Ticonderoga, New York, with respect to her complaints, illnesses and conditions and said defendant, Toni M. Sturm, M.D., undertook the care and treatment of the plaintiff's complaints, illnesses and conditions for monetary consideration and the decedent, Deborah J. Breitenbach, became a patient of the defendant, Toni M. Sturm, M.D.

16.     Upon information and belief, at all times hereinafter mentioned, the defendant, Toni M. Sturm, M.D., was employed for compensation by the decedent, Deborah J. Breitenbach, to attend upon, examine, prescribe, diagnose, manage, treat, and care for the health, well-being, medical condition and welfare of the decedent, Deborah J. Breitenbach, and during said time, the decedent continued as a patient of the defendant, Toni M. Sturm, M.D., under her care, attention, direction, control, management, consultation, treatment and supervision.

17.     Upon information and belief, at all times hereinafter mentioned, on or about April 21, 2014, the decedent, Deborah J. Breitenbach, consulted with the defendant, Hudson Headwaters Health Network, its employees, agents, representatives and/or physicians (hereinafter referred to as the defendant "Hudson Headwaters Health Network"), with respect to her complaints, illnesses and conditions and said defendant, Hudson Headwaters Health Network, undertook the care and treatment of the decedent's complaints, illnesses and conditions for monetary consideration and the decedent, Deborah J. Breitenbach, became a patient of the defendant, Hudson Headwaters Health Network.

18.     Upon information and belief, at all times hereinafter mentioned, the defendant, Hudson Headwaters Health Network, was employed for compensation by the decedent, Deborah J. Breitenbach, to attend upon, examine, prescribe, diagnose, manage, treat, and care for the health, well-being, medical condition and welfare of the decedent, Deborah J. Breitenbach, and during said time, the decedent, Deborah J. Breitenbach, continued as a patient of the defendant, Hudson Headwaters Health Network, under its care, attention, direction, control, management, consultation, treatment and supervision.

19.     At all times hereinafter relevant, the defendant, Hudson Headwaters Health Network, represented, expressly and/or impliedly, that the care, treatment, management, evaluation, testing, inspection, observation, diagnoses, analysis, monitoring and prescription of and for the decedent, Deborah J. Breitenbach, was within the scope of its practice and within the scope of its knowledge, competence and ability.

20.     Upon information and belief, at all times hereinafter mentioned, after review and consideration, the defendants, Toni M. Sturm, M.D., and the Hudson Headwaters Health Network, were granted, offered, issued and provided treating and medical privileges at the Moses-Ludington Hospital, Ticonderoga, New York, for the purpose of permitting said defendants to offer and engage in rendering treatment to patients at said facility.

21.     Upon information and belief, at all times hereinafter mentioned, on or about April 21, 2014, the decedent, Deborah J. Breitenbach, was treated by various health care providers and physicians, including the defendant, Toni M. Sturm, M.D., as an agent of the defendant, Hudson Headwaters Health Network, and certain procedures were performed upon the decedent, Deborah J. Breitenbach, by the defendant, Toni M. Sturm, M.D.

> AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, TONI M. STURM, M.D., THE PLAINTIFF, JOHN C. BREITENBACH, JR., ALLEGES AS FOLLOWS:

22.     The plaintiff, John C. Breitenbach. Jr., repeats and realleges each and every allegation set forth in paragraphs "1" through "21" with the same force and effect as if fully set forth at length herein.

23.     Upon information and belief, at all times hereinafter mentioned, on April 21, 2014, treatment was provided to the decedent, Deborah J. Breitenbach, by the defendant, Toni M. Sturm, M.D., as an agent, officer, servant, representative or employee of the named defendants with respect to decedent's complaints, illnesses and conditions, and the said defendant, Toni M. Sturm, M.D., undertook the care and treatment of decedent's condition for monetary consideration and the decedent, Deborah J. Breitenbach, thereafter became a patient of the defendant, Toni M. Sturm, M.D.

24. Upon information and belief, on or about April 21, 2014, care and treatment was rendered and performed by the defendant, Toni M. Sturm, M.D., and the defendant, Toni M. Sturm, M.D., did perform and provide and alternatively, failed to perform and provide, certain procedures and other medical care and treatment, for which monetary consideration was paid.

25. Upon information and belief, the defendant, Toni M. Sturm, M.D., represented to the public and to the decedent, Deborah J. Breitenbach, that she was capable of providing and rendering skilled, competent, knowledgeable and reasonably appropriate medical care and treatment, and while the decedent, Deborah J. Breitenbach, was a patient of the defendant, Toni M. Sturm, M.D., she was under the care and control of said defendant.

26. Upon information and belief, in rendering the medical care as hereinbefore set forth, the defendant, Toni M. Sturm, M.D., and was acting within the scope of her employment or contract with and in furtherance of the interests of or for the benefit of the named defendants.

27. At all times hereinafter mentioned, the care and treatment rendered by the defendant, Toni M. Sturm, M.D., upon the decedent, Deborah J. Breitenbach, on or about April 21, 2014, was not in accord with good, proper, competent, accepted, approved and standard medical and diagnostic techniques, practices and procedures.

28. At all times hereinafter mentioned, the examination, prescription, diagnosis, management, care and treatment of the decedent, Deborah J. Breitenbach, on or about April 21, 2014, by the defendant, Toni M. Sturm, M.D., was not in accord with good, proper, competent, accepted and approved standard medical and diagnostic techniques, practices and procedures.

29. As a result of the careless and negligent conduct of the defendant, Toni M. Sturm, M.D., the decedent, Deborah J. Breitenbach, was caused to undergo, sustain, incur and require additional medical, diagnostic procedures and continuing personal injuries and damages, without any fault on the part of the decedent, Deborah J. Breitenbach, contributing thereto.

30. By virtue of the careless and negligent acts of commission and omission of the defendant, Toni M. Sturm, M.D., the decedent, Deborah J. Breitenbach, suffered irreparable injury and damage,

including serious pain and discomfort prior to her death that did not exist prior to defendant's carelessness and negligence.

31.     The carelessness and negligence of the defendant, Toni M. Sturm, M.D., was a direct and proximate cause of the injuries, ailments, sufferings of the decedent, Deborah J. Breitenbach, prior to her death, as heretofore alleged.

32.     By reason of the foregoing, the decedent, Deborah J. Breitenbach, suffered great physical pain, injury and death and in addition to the specific negligence on the part of the defendant, Toni M. Sturm, M.D. as aforementioned, the plaintiff, John C. Breitenbach, Jr., reserves the right to rely on the doctrine of *res ipsa loquitur* to show the fault, liability and negligence on the part of the defendant, Toni M. Sturm, M.D.

33.     By reason of the foregoing, the decedent, Deborah J. Breitenbach, prior to her death, was caused to endure great pain and suffering, serious and permanent personal injuries, monetary damages and unnecessary medical treatment and other expenses.

34.     By reason of the negligence and carelessness of the defendant, Toni M. Sturm, M.D., the decedent, Deborah J. Breitenbach, sustained serious, severe and painful injuries, illnesses and disabilities, and death.

35.     The amount of damages sought in this action satisfies the jurisdictional limits of this Court and plaintiff seeks compensatory damages in the sum of Two Million Dollars ($2,000,000.00).

AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, TONI M. STURM, M.D., THE PLAINTIFF, JOHN C. BREITENBACH, JR., ALLEGES AS FOLLOWS:

36.     The plaintiff, John C. Breitenbach, Jr., as Executor of the Estate of Deborah J. Breitenbach, repeats and realleges each and every allegation set forth in paragraphs "1" through "35" above, with the same force and effect as if fully set forth at length herein.

37.     At all times hereinafter relevant, the defendant, Toni M. Sturm, M.D., represented, expressly and/or impliedly, that the care, treatment, management, evaluation, testing, inspection, observation,

diagnoses and monitoring of and for the decedent, Deborah J. Breitenbach, was within the scope of her medical practice, her medical knowledge, and within the scope of her competence and ability.

38. As a result of the careless and negligent acts, omissions and conduct of the defendant, Toni M. Sturm, M.D., and her departure from good, accepted and approved medical and diagnostic standards, practices, procedures, methods and/or techniques, the medical condition of the decedent, Deborah J. Breitenbach, deteriorated, as a result of which Deborah J. Breitenbach, died on April 22, 2014.

39. The carelessness and negligence of the defendant, Toni M. Sturm, M.D., was the direct and proximate cause of the death of the decedent, Deborah J. Breitenbach, as herein alleged.

40. As a result of the carelessness and negligence of the defendant, Toni M. Sturm, M.D., as herein alleged, the said Deborah J. Breitenbach died on April 22, 2014.

41. The plaintiff, John C. Breitenbach, Jr., as Executor of the Estate of Deborah J. Breitenbach, incurred monetary expense in connection with the injuries to, the condition of, the treatment of and the eventual death and funeral of the decedent, Deborah J. Breitenbach.

42. The plaintiff's decedent, Deborah J. Breitenbach, is survived by her husband and her children who are and remain legal heirs and distributees.

43. By reason of the above, and the death of the plaintiff's decedent, Deborah J. Breitenbach, her distributees have sustained pecuniary loss and substantial monetary damage.

44. The amount of damages sought in this action satisfies the jurisdictional limits of this Court and plaintiff seeks compensatory damages in the sum of Two Million Dollars ($2,000,000.00).

> AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, HUDSON HEADWATERS HEALTH NETWORK, THE PLAINTIFF, JOHN C. BREITENBACH, JR., ALLEGES AS FOLLOWS:

45. The plaintiff, John C. Breitenbach, Jr., as Executor of the Estate of Deborah J. Breitenbach, repeats and realleges each and every allegation set forth in paragraphs "1" through "44" above, with the same force and effect as if fully set forth at length herein.

46. Upon information and belief, at all times hereinafter mentioned, on April 21, 2014, treatment was provided to the decedent, Deborah J. Breitenbach, by the defendant, Hudson Headwaters Health

Network, with respect to decedent's complaints, illnesses and conditions, and the said defendant, Hudson Headwaters Health Network, undertook the care and treatment of decedent's condition for monetary consideration and the decedent, Deborah J. Breitenbach, thereafter became a patient of the defendant, Hudson Headwaters Health Network.

47. Upon information and belief, on or about April 21, 2014, care and treatment was rendered and performed by the defendant, Hudson Headwaters Health Network, and the defendant, Hudson Headwaters Health Network, did perform and provide and alternatively, failed to perform and provide, certain procedures and other medical care and treatment, for which monetary consideration was paid.

48. Upon information and belief, the defendant, Hudson Headwaters Health Network, represented to the public and the decedent, Deborah J. Breitenbach, that it was capable of providing and rendering skilled, competent, knowledgeable and reasonably appropriate medical care and treatment, and while the decedent, Deborah J. Breitenbach, was a patient of the defendant, Hudson Headwaters Health Network, she was under the care and control of said defendant.

49. Upon information and belief, in rendering the medical care as hereinbefore set forth, the defendant, Hudson Headwaters Health Network, was acting within the scope of its employment or contract with and in furtherance of the interests of the Moses-Ludington Hospital.

50. At all times hereinafter mentioned, the care and treatment rendered by the defendant, Hudson Headwaters Health Network, upon the decedent, Deborah J. Breitenbach, on or about April 21, 2014, was not in accord with good, proper, competent, accepted, approved and standard medical and diagnostic techniques, practices and procedures.

51. At all times hereinafter mentioned, the examination, prescription, diagnosis, management, care and treatment of the decedent, Deborah J. Breitenbach, on or about April 21, 2014, by the defendant, Hudson Headwaters Health Network, was not in accord with good, proper, competent, accepted and approved standard medical and diagnostic techniques, practices and procedures.

52. As a result of the careless and negligent conduct of the defendant, Hudson Headwaters Health Network, the decedent, Deborah J. Breitenbach, was caused to undergo, sustain, incur and require

additional medical, diagnostic procedures and continuing personal injuries and damages, without any fault on the part of the decedent, Deborah J. Breitenbach, contributing thereto.

53. By virtue of the careless and negligent acts of commission and omission of the defendant, Hudson Headwaters Health Network, the decedent, Deborah J. Breitenbach, suffered irreparable injury and damage, including serious pain and discomfort prior to her death that did not exist prior to defendant's carelessness and negligence.

54. The carelessness and negligence of the defendant, Hudson Headwaters Health Network, was a direct and proximate cause of the injuries, ailments, sufferings of the decedent, Deborah J. Breitenbach, prior to her death, as heretofore alleged.

55. By reason of the foregoing, the decedent, Deborah J. Breitenbach, suffered great physical pain, injury and death and in addition to the specific negligence on the part of the defendant, Hudson Headwaters Health Network, as aforementioned, the plaintiff, John C. Breitenbach, Jr., reserves the right to rely on the doctrine of *res ipsa loquitur* to show the fault, liability and negligence on the part of the defendant, Hudson Headwaters Health Network.

56. By reason of the foregoing, the decedent, Deborah J. Breitenbach, prior to her death, was caused to endure great pain and suffering, serious and permanent personal injuries, monetary damages and unnecessary medical treatment and other expenses.

57. By reason of the negligence and carelessness of the defendant, Hudson Headwaters Health Network, the decedent, Deborah J. Breitenbach, sustained serious, severe and painful injuries, illnesses and disabilities, and death.

58. The amount of damages sought in this action satisfies the jurisdictional limits of this Court and plaintiff seeks compensatory damages in the sum of Two Million Dollars ($2,000,000.00). AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT, HUDSON HEADWATERS HEALTH NETWORK, THE PLAINTIFF, JOHN C. BREITENBACH, JR., ALLEGES AS FOLLOWS:

59. The plaintiff, John C. Breitenbach, Jr., as Executor of the Estate of Deborah J. Breitenbach, repeats and realleges each and every allegation set forth in paragraphs "1" through "58" above, with the same force and effect as if fully set forth at length herein.

60. At all times hereinafter relevant, the defendant, Hudson Headwaters Health Network, represented, expressly and/or impliedly, that the care, treatment, management, evaluation, testing, inspection, observation, diagnoses and monitoring of and for the decedent, Deborah J. Breitenbach, was within the scope of its medical practice, its medical knowledge, and within the scope of its competence and ability.

61. As a result of the careless and negligent acts, omissions and conduct of the defendant, Hudson Headwaters Health Network, and its departure from good, accepted and approved medical and diagnostic standards, practices, procedures, methods and/or techniques, the medical condition of the decedent, Deborah J. Breitenbach, deteriorated, as a result of which Deborah J. Breitenbach, died on April 22, 2014.

62. The carelessness and negligence of the defendant, Hudson Headwaters Health Network, was the direct and proximate cause of the death of the decedent, Deborah J. Breitenbach, as herein alleged.

63. As a result of the carelessness and negligence of the defendant, Hudson Headwaters Health Network, as herein alleged, the said Deborah J. Breitenbach died on April 22, 2014.

64. The plaintiff, John C. Breitenbach, Jr., as Executor of the Estate of Deborah J. Breitenbach, incurred monetary expense in connection with the injuries to, the condition of, the treatment of and the eventual death and funeral of the decedent, Deborah J. Breitenbach.

65. The plaintiff's decedent, Deborah J. Breitenbach, is survived by her husband and children who are and remain legal heirs and distributees.

66. By reason of the above, and the death of the plaintiff's decedent, Deborah J. Breitenbach, her distributees have sustained pecuniary loss and substantial monetary damage.

67. The amount of damages sought in this action satisfies the jurisdictional limits of this Court and plaintiff seeks compensatory damages in the sum of Two Million Dollars ($2,000,000.00).

> AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANT, THE UNITED STATES OF AMERICA, THE PLAINTIFF, JOHN C. BREITENBACH, JR., ALLEGES AS FOLLOWS:

11

68. The plaintiff, John C. Breitenbach, Jr., as Executor of the Estate of Deborah J. Breitenbach, repeats and realleges each and every allegation set forth in paragraphs "1" through "67" above, with the same force and effect as if fully set forth at length herein.

69. Upon information and belief, at all times hereinafter mentioned, on April 21, 2014, treatment was provided to the decedent, Deborah J. Breitenbach, by the defendant, The United States of America, by and through its agents, officers, officials, representatives and employees, as previously alleged herein.

70. By reason of the foregoing, the decedent, Deborah J. Breitenbach, suffered great physical pain, injury and death and in addition to the specific negligence on the part of the defendant, The United States of America, as aforementioned, the plaintiff, John C. Breitenbach, Jr., reserves the right to rely on the doctrine of *res ipsa loquitur* to show the fault, liability and negligence on the part of the defendant, The United States of America.

71. By reason of the negligence and carelessness of the defendant, The United States of America, the decedent, Deborah J. Breitenbach, sustained serious, severe and painful injuries, illnesses and disabilities, and death.

72. The amount of damages sought in this action satisfies the jurisdictional limits of this Court and plaintiff seeks compensatory damages in the sum of Two Million Dollars ($2,000,000.00). AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THE DEFENDANT, THE UNITED STATES OF AMERICA, THE PLAINTIFF, JOHN C. BREITENBACH, JR., ALLEGES AS FOLLOWS:

73. The plaintiff, John C. Breitenbach, Jr., as Executor of the Estate of Deborah J. Breitenbach, repeats and realleges each and every allegation set forth in paragraphs "1" through "72" above, with the same force and effect as if fully set forth at length herein.

74. As hereinbefore set forth, the decedent is survived by her husband and children and as a result of the defendant's carelessness and negligence, her distributees have sustained pecuniary loss and monetary damage.

75. The amount of damages sought in this action satisfies the jurisdictional limits of this Court and plaintiff seeks damages in the sum of Two Million Dollars ($2,000,000.00).

AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS, TONI M. STURM, M.D., HUDSON HEADWATERS HEALTH NETWORK, AND THE UNITED STATES OF AMERICA, THE PLAINTIFF, JOHN C. BREITENBACH, JR., INDIVIDUALLY, ALLEGES AS FOLLOWS:

76. The plaintiff, John C. Breitenbach, repeats and realleges each and every allegation set forth in paragraphs "1" through "75" with the same force and effect as if fully set forth at length herein.

77. At all times hereinafter mentioned, the plaintiff, John C. Breitenbach, was the husband of the decedent, Deborah J. Breitenbach, and was entitled to the health, comfort, consortium, society, companionship and services of the decedent, Deborah J. Breitenbach.

78. As a result of the death of the decedent, Deborah J. Breitenbach, sustained by reason of the carelessness and negligence as alleged herein, the plaintiff, John C. Breitenbach, has been and will be deprived of the society, comfort, consortium, work, services and companionship of his wife, the decedent, Deborah J. Breitenbach.

79. The amount of damages sought in this action satisfies the jurisdictional limits of this Court and plaintiff seeks compensatory damages in the sum of Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, the plaintiff, John C. Breitenbach, Jr., requests that the Court grant judgment against each of the defendants on each of the causes of action as herein alleged, for and in the sums set forth in each cause of action, together with costs and disbursements of this action.

Dated: January 28, 2016

/s/ Joseph R. Brennan
Bar Roll #10210
Brennan & White, LLP
Attorney for Plaintiff,
John. C. Breitenbach, Jr.
163 Haviland Road
Queensbury, New York 12804
Tel. (518) 793-3424

ATTORNEY'S CERTIFICATE OF MERIT

I, JOSEPH R. BRENNAN, an attorney at law, duly admitted to practice in the State of New York and of counsel to the law firm of Brennan & White, LLP, hereby certify pursuant to CPLR §3012-a:

That I have reviewed the facts in the case and have consulted with at least one physician who is licensed to practice and who I believe is knowledgeable in the relevant issues involved in this particular action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

> /S/ Joseph R. Brennan
> Bar Roll #10210
> Brennan & White, LLP
> Attorney for Plaintiff,
> John. C. Breitenbach, Jr.
> 163 Haviland Road
> Queensbury, New York 12804
> Tel. (518) 793-3424

Sworn to before me this
on January 28, 2016

/s/ Debra Williams
DEBRA WILLIAMS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01W14972116
Qualified in Washington County
My Commission Expires 9/17/2018