# BRENNAN & WHITE LLP
ATTORNEYS AT LAW
163 Haviland Road
Queensbury, NY 12804-8702

Joseph R. Brennan
William J. White
Katherine J. DeMartino

Tel. (518) 793-3424
Fax (518) 793-3422

November 12, 2019
(via ECF)

Hon. Norman A. Mordue
United States District Court
Northern District of New York
James Hanley Federal Building - U.S. Courthouse
100 South Clinton Street
P.O. Box 7336
Syracuse, New York 13261-7336

    Re:    John C. Breitenbach, Jr., as Administrator of the Estate of Deborah J. Breitenbach v. Nancy A. Caffrey, R.P.A.-C, Moses-Ludington Hospital, Inter-Lakes Health, Inc., and United States of America
USDC/NDNY, Civil Action No. 1:16-CV-11(NAM/CFH)

Dear Judge Mordue:

    As counsel for the plaintiff in the above entitled action, we wanted to apprise and update the Court as to the general status of this matter and as to the ability of the parties to stipulate and consent to the offer and admissibility of trial proof in advance of trial.

    Specifically, on Friday, November 8, 2019, the parties videotaped the trial testimony of a pathologist located in Burlington, Vermont. At the conclusion of the testimony, counsel discussed and agreed as to the admissibility of medical records. In addition, and as to the offer of proof to be made by the plaintiff, we have reached out to defense counsel to inquire as to their willingness to conditionally stipulate to the anticipated conclusions of the respective economists. The parties are in possession of the various reports of the economists as expert witnesses and we do not believe the conclusions reached by either side are so divergent as to require trial testimony. As an alternative, we have proposed and indicated that plaintiff's expert economist may testify by videotape and if necessary, we will attempt to schedule the same for later this week. Doing so awaits the perspective of defense counsel.

    Additionally and more significantly, counsel had some reason to believe that the testimony of the pathologist might result in some movement by all parties relative to the possibility of settlement, but it appears that the matter will need to be decided by the respective triers of fact. Late last week and after advising and reminding plaintiff's expert of the date, time and place of trial, we were advised for the first time that the week of the trial is also the week that plaintiff's expert has been notified that his hospital is scheduled for a CMS

survey and audit that relates to medicare and medicaid payments. Plaintiff's expert, David Bachman, M.D., is the Chief Medical and Quality Officer for Mary Bridge Children's Hospital, located in Tacoma, Washington, and over the last few days, he has advised and educated us as to the issue of maintaining CMS eligibility. To the extent we understand the issue, hospitals must be accredited through a joint commission survey and audit conducted by CMS federal employees and authorities.

The survey and corresponding visit occurs once every three years and obviously to add difficulty and consternation to the pending matter before this Court, the government has indicated that they would be visiting our expert's hospital unannounced, but sometime between the current week and the week of Christmas. As Chief Medical and Quality Officer, Dr. Bachman undertakes the primary role in interacting with these authorities and he indicated that he cannot commit to traveling to Syracuse until he knows when the survey, inspection and visit will be scheduled. He indicates that both his career and the financial viability of his hospital are at risk if he is not present at the time of the survey and audit.

We certainly understand, recognize and appreciate that our expert's testimony could be videotaped, but believe that the plaintiff's claims would be substantially hampered through proceeding in such a fashion. Rebuttal testimony would be unavailable and we genuinely believe that plaintiff's witness will be recalled at some point subsequent to the testimony of defendants' experts. We also believe that videotaped testimony of a treating physician and the impact of the same upon a trier of fact is substantially different than the videotaped testimony of an expert witness in a medical malpractice action. We are awaiting, on a day to day basis, information and update from plaintiff's expert as to the dates of the aforementioned visit, but felt it appropriate to bring the same to the Court's attention. We are certainly available to discuss this matter with the Court should it believe the issues to be appropriate for a telephone conference. Once again, this particular issue arose only late last week and we were totally and completely unaware of the same, as was plaintiff's expert.

As a final matter, my overall health has improved, but the need for daily dialysis has regrettably required that I reconsider some of my professional capabilities and capacities. Because the matter is not capable of settlement and will take several days to litigate, we have concluded that plaintiff's interests would be best served through obtaining local trial counsel. Kevin Kuehner, Esq., of Syracuse, New York, has agreed to act and assist as trial counsel. I remain involved and can participate in conferences and anticipate appearing in Court on the first day of trial and certainly through jury selection. At a minimum, I will be appearing in Syracuse for at least the first day and as long as possible, as I can avoid and ignore dialysis for one, but no more than two days. My partner, William White, Esq., has attempted to assist with this action, but for reasons that include but are not limited to, New York State felony criminal court commitments and required appearances, he cannot commit to a week long trial in Syracuse. Once again, plaintiff has therefore concluded that his interests would be best served through agreeing with our decision to secure trial counsel.

We appreciate the Court's possible indulgence, considerations and understanding of this matter.

Very truly yours,

BRENNAN & WHITE, LLP

*/s/ Joseph R. Brennan*

Joseph R. Brennan
Bar Roll No.101210

cc: Karen Folster Lesperance, AUSA (via ECF)
     Shawn F. Brousseau, Esq. (via ECF)
     Kevin Kuehner, Esq. (via email)